Hon. Joseph F. Klein Town Attorney, Babylon
This is in response to a letter from Assistant Town Attorney Raymond F. Wolfram, wherein he asks whether an elected village trustee may also hold the appointive position of deputy town supervisor.
It is a general rule that one person may hold two public offices simultaneously unless such holding is expressly prohibited by the New York State Constitution or other law, or the two offices are of such a nature that the simultaneous holding of both by the same person creates an incompatibility under the common law (People v. Irwin, 166 Misc. 492
[Court of General Sessions of County of New York, 1938]).
There is no statute in the Town Law prohibiting a deputy town supervisor from holding the office of village trustee, nor is there any similar prohibition in the Village Law. Indeed, Village Law, § 3-300, subdivision 4, provides that:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
In the absence of a statutory prohibition against dual office-holding, the issue is whether there is a common law incompatibility between the two offices.
In People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), Judge Folger stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court-officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
An examination of the duties and functions of village trustee and deputy town supervisor does not disclose any immediately apparent inconsistency between those two offices. Accordingly, judged by the test set out inPeople ex rel. Ryan v. Green, supra, it is our opinion that an elected village trustee may simultaneously hold the appointive position of deputy town supervisor.
It is entirely possible, under the provisions of Municipal Home Rule Law, § 10, that local action may have been taken by the village or town, establishing qualifications to hold office. We have no means of determining this. Our conclusion is, of course, subject to the provisions of any such local legislation.